# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2007

Charles R. Fulbruge III
Clerk

No. 07-40300
Summary Calendar

ANTONIO F VERA

Plaintiff-Appellant

v.

BOARD OF JUDGES OF THE JUDICIAL DISTRICT OF NUECES COUNTY

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CV-51

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Antonio F. Vera, Texas pre-trial detainee # 10142862, filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983. The magistrate judge (MJ) assigned to the case questioned Vera during a Spears hearing.[1] On the MJ's recommendation, the district court dismissed Vera's lawsuit. Because the district court dismissed Vera's lawsuit as both frivolous and for failure to state a claim under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

§ 1915(e)(2)(B)(i) and (ii) as well as § 1915A(b)(1), our review is de novo. Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005).

Like his complaint below, Vera's appeal brief is largely incoherent. The closest Vera comes to making an argument addressing the district court's dismissal of his case is a series of conclusory assertions that he has stated nonfrivolous claims upon which relief can be granted. First, Vera suggests that his rights were violated because the Board of Judges of Nueces County have neglected their obligation to train judges, supervise the administration justice, and "prevent a pervasive and massive series of criminal schemes." The district court properly rejected these claims on the basis that "[j]udges enjoy absolute immunity from liability for judicial or adjudicatory acts." Bauer v. Texas, 341 F.3d 352, 357 (5th Cir. 2003) (citation omitted). Although Vera also challenges the district court's reasoning that Vera failed to state a claim against the Board because § 1983 does not create respondeat superior liability, that finding was proper as well. See, e.g., Steward v. Murphy, 174 F.3d 530, 536 (5th Cir. 1999).

Vera next suggests that the district court misapplied Younger v. Harris, 401 U.S. 37 (1971). Because Vera's claims involve an ongoing state judicial proceeding, Texas has a compelling interest in its criminal justice system, and Vera can raise his constitutional concerns during the criminal proceedings, the district court properly abstained from intervening in Vera's state criminal case. Tex. Ass'n of Bus. v. Earle, 388 F.3d 515, 518-19 (5th Cir. 2004). Vera also contends that he stated a claim for conspiracy, but the district court properly found that Vera has never actually described the acts of the defendants which he believes renders them liable under § 1983. Because "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Bell Atl. Corp., 127 S. Ct. at 1964-65 (citation omitted; alteration in original), Vera has failed to state a conspiracy claim. Vera suggests in conclusory fashion that he has stated a claim against his court-appointed

attorney, but Vera's court-appointed attorney was not a state actor for purposes of § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Thus, Vera has failed to identify any error in the district court's ruling. In addition, while pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. See Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993) (same). Accordingly, any other claims Vera raised below are deemed abandoned.

For the first time on appeal, Vera contends that his rights were violated because he was reindicted and because the state used one of two convictions of October 25th, 1966 to "cover-up the other indictment." In addition, Vera points to a newspaper article that allegedly details the Texas Court of Criminal Appeals's mishandling of appeals by other prisoners, and Vera asserts that this demonstrates that his rights have been violated. Because this court typically does not consider claims that are raised for the first time on appeal, see Yohey, 985 F.2d at 225, we decline to consider these claims.

Thus, Vera's brief fails to raise any issue of arguable merit, and we dismiss his appeal as frivolous. See 5TH CIR. R. 42.2; Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). The district court's dismissal of Vera's § 1983 suit as frivolous and for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A(b)(1) and this court's dismissal of this appeal as frivolous both count as strikes for purposes of § 1915(g). See Adepegba, 103 F.3d at 385-87. Vera previously accumulated two strikes in another case. See Vera v. Martin, 253 F.3d 705, 705 (5th Cir. 2001) (unpublished); Vera v. Martin, No. A-00-CA-380 (W.D. Tex. Sep. 21, 2000) (order). As Vera has now accumulated at least three strikes, he is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g) while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.